# In re Kattia Guadalupe ESCOBAR, Respondent

File A75 504 052 - San Diego

*Decided  July 11, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   A parent's lawful permanent resident status cannot be imputed to a child for purposes of calculating the 5 years of lawful permanent residence required to establish eligibility for cancellation of removal under section 240A(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(1) (2000).

FOR RESPONDENT: Christopher J. Stender, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jeff Lindblad, Assistant Chief Counsel

BEFORE:   Board Panel:  FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

   In a decision dated February 5, 2007, an Immigration Judge found the respondent removable and ineligible to apply for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000).  The respondent has appealed from that decision.  The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

   The respondent is a native and citizen of El Salvador who was born on March 28, 1978.  The record reflects that she came to the United States as an unemancipated minor around the age of 4 or 5.  The respondent's mother became a lawful permanent resident in 1992, and the respondent was admitted for lawful permanent residence on February 15, 2003.  On August 12, 2006, the respondent was arrested for attempting to smuggle an undocumented alien into the United States.
   The Immigration Judge found that the respondent admitted to officers of the Department of Homeland Security ("DHS") that she had knowingly attempted to smuggle an 8-year-old Mexican citizen into the United States.  Based on these admissions, which were found to be knowing, voluntary, and intelligent, the Immigration Judge concluded that the respondent was removable as a

result of alien smuggling.[1]  Regarding the respondent's application for relief from removal, the Immigration Judge found that because the respondent was admitted as a lawful permanent resident in February 2003, she had not accrued the requisite 5 years of lawful permanent residence to apply for cancellation of removal under section 240A(a) of the Act.  In so holding, the Immigration Judge rejected the respondent's argument that she could apply her mother's years of lawful permanent residence to extend her period of residence and thereby qualify for relief.

On appeal, the respondent reiterates her argument that her mother's period of lawful permanent residence can be imputed to her for purposes of satisfying the eligibility requirements under section 240A(a)(1) of the Act.  The DHS argues that an alien's status as a lawful permanent resident cannot be transferred from one person to another, even from a parent to an unemancipated minor.  Our adjudication of this appeal requires us to interpret the Act and the decision of the United States Court of Appeals for the Ninth Circuit in *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), which construed the eligibility requirements for cancellation of removal under section 240A(a) of the Act.

## II.  ANALYSIS

Section 240A(a) of the Act provides in relevant part as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3) has not been convicted of any aggravated felony.

The term "lawfully admitted for permanent residence" is defined in the Act to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  Section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2000).

In *Cuevas-Gaspar v. Gonzales*, *supra*, the Ninth Circuit held, over a dissent, that lawful admission and residence can be imputed to an unemancipated minor to satisfy the requirement of section 240A(a)(2) of the Act, i.e., continuous residence in the United States for 7 years after having been admitted in any status.  We note that only section 240A(a)(2) of the Act was at issue in *Cuevas-Gaspar*, because there was no question that the alien had

---

[1]  The Immigration Judge's findings of fact are not clearly erroneous.  *See United States v. National Assn. of Real Estate Bds.*, 339 U.S. 485, 495 (1950) (stating that a factual finding is not "clearly erroneous" merely because there are two permissible views of the evidence).

been a lawful permanent resident for more than 5 years, as required by section 240A(a)(1). *See Cuevas-Gaspar v. Gonzales*, *supra*, at 1021 n.5. The respondent nevertheless argues that the reasoning of the Ninth Circuit's decision should be applied to her case by expanding and extending its holding to section 240A(a)(1) of the Act. We find that such an application is inconsistent with the purpose of the Act and the intent of Congress when it amended the statute to add the relief of cancellation of removal for certain permanent residents.

We first observe that the Ninth Circuit's decision in *Cuevas-Gaspar v. Gonzales*, *supra*, relied heavily on the reasoning in *Lepe-Guitron v. INS*, 16 F.3d 1021 (9th Cir. 1994), where the court construed former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988), which preceded section 240A(a) and provided similar relief in the form of a waiver.[2] In *Lepe-Guitron*, the Ninth Circuit concluded that because an unemancipated minor residing with his parents shares their "domicile," the respondent's period of lawful domicile began when his parents attained permanent resident status while he was a child. The court looked to the parents' intent in establishing domicile, reasoning that minors are incapable of forming the intent necessary to establish domicile.[3]

In *Cuevas-Gaspar v. Gonzales*, *supra*, at 1026, the Ninth Circuit reasoned that "the difference between 'domicile' and residence 'after having been admitted in any status' is not . . . so great as to be dispositive." Based on the historical "policy of putting a high priority on relations between permanent legal residents and their children," the court concluded that it would apply the holding in *Lepe-Guitron* to the 7-year residence requirement for cancellation of removal under section 240A(a)(2), and it would impute a parent's period of residence to his or her child. *Id.*

We disagree with the reasoning of the majority in *Cuevas-Gaspar v. Gonzales*, *supra*, and concur instead with the dissenting opinion in that case. Whatever the correctness of *Lepe-Guitron*, we find that residence is different from domicile because it "contains no element of subjective intent." *Cuevas-Gaspar v. Gonzales*, *supra*, at 1031 (Fernandez, J., dissenting). Accordingly, we conclude that there is no logical or legal basis to consider the residence of a minor alien's parents in determining whether the minor acquired the necessary years of residence. In any event, we do not find it appropriate to extend the rationale of *Cuevas-Gaspar v. Gonzales*, *supra*, to the critical question in this case, which is how long the respondent had been lawfully

---

[2] In contrast to cancellation of removal, which requires 7 years of continuous residence, as well as 5 years of lawful permanent residence, former section 212(c) required that an alien be a permanent resident and accrue 7 years of "lawful unrelinquished domicile." *See* former section 212(c) of the Act.

[3] In *Lepe-Guitron v. INS*, *supra*, at 1024, the Ninth Circuit also found it significant that the alien "legally entered the United States with his parents [and] was always legally within the country."

accorded the *status* of a permanent resident. *See* section 240A(a)(1) of the Act. Contrary to the respondent's argument, there is no precedent for simply imputing lawful permanent resident *status* from a parent to a child.[4] We have emphasized that adjustment to lawful permanent resident status must be both substantively and procedurally proper. *Matter of Koloamatangi*, 23 I&N Dec. 548, 550 (BIA 2003). Indeed, the Ninth Circuit has expressly agreed that "'[a]dmission is not lawful if it is regular only in form. The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity . . . .'" *Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986) (quoting *Matter of Longstaff*, 716 F.2d 1439, 1441 (5th Cir. 1983)). Allowing the status of a parent to simply attach to a child, without regard to the mandated statutory and regulatory application process and the substantive eligibility requirements for admission, would run contrary to the clear intent of Congress, which requires that to be eligible for cancellation of removal, an alien must be "*lawfully* admitted for permanent residence for not less than 5 years." Section 240A(a)(1) of the Act (emphasis added); *see also* section 101(a)(20) of the Act (defining lawful permanent resident status as being conferred "in accordance with the immigration laws").[5]

Furthermore, imputing a parent's status and residence to allow a child to meet the requirements of both sections 240A(a)(1) and (2) of the Act would essentially destroy the distinct tests mandated by Congress when it amended the statute to replace the former section 212(c) waiver with cancellation of

---

[4] Our prior decisions cited by the Ninth Circuit in *Cuevas-Gaspar v. Gonzales*, *supra*, do not support the automatic imputation of lawful permanent resident status from parent to child. *See Matter of Huang*, 19 I&N Dec. 749 (BIA 1988); *Matter of Zamora*, 17 I&N Dec. 395 (BIA 1980); *Matter of Winkens*, 15 I&N Dec. 451 (BIA 1975). The cited cases all deal with aliens whose relatives abandoned their lawful permanent resident status and the resulting imputation of the abandonment of that status. The imputation of a decision to abandon permanent resident status from a parent to a child is consistent with the above-mentioned longstanding policy that a child cannot form the intent necessary to establish his or her own domicile. *Cf. Singh v. Gonzales*, 451 F.3d 400, 409 (6th Cir. 2006) (stating that the fraudulent conduct of a parent cannot be attributed to a child). Furthermore, acquiring lawful permanent resident status, with the attendant eligibility requirements, is necessarily more complicated than abandoning such status. Finally, *Matter of Winkens*, *supra*, at 451, indicates that the respondent "was admitted to the United States as an immigrant" and therefore does not hold that a child automatically gains lawful resident status through his parents.

[5] For example, automatic imputation of status from parent to child permits no inquiry into the minor child's criminal background, which may contain convictions rendering the child inadmissible and therefore ineligible for adjustment to the status of a lawful permanent resident. *See generally* section 245(a) of the Act, 8 U.S.C. § 1255(a) (2000). In this regard we note that an alien may be a minor up to the age of 18, well beyond the age of potential criminal liability. *See Matter of V-F-D-*, 23 I&N Dec. 859 (BIA 2006).

removal.[6] For example, if imputation of a parent's lawful permanent residence would allow a minor alien to fulfill the requirements for cancellation of removal, the child would never have to become a lawful permanent resident in his own right. Applying the limited holding of *Cuevas-Gaspar v. Gonzales*, *supra*, to section 240A(a)(1) of the Act runs contrary to the clear language of the statute, which requires an alien to be lawfully admitted for permanent residence, in his or her own right, for no less than 5 years and to have 7 years of residence after any admission. More importantly, allowing imputation to apply to the 5-year permanent residence requirement would also run counter to the legislative history that is discussed by the Ninth Circuit in *Cuevas-Gaspar*, in that it would, in many circumstances, conflate the two distinct requirements into one, so that both could be satisfied by a parent's years of lawful permanent residence.

For the above reasons, we decline to extend the Ninth Circuit's limited holding in *Cuevas-Gaspar v. Gonzales*, *supra*, to the residence requirement of section 240A(a)(1) of the Act. Inasmuch as we disagree with that holding, we will also not follow that decision in cases arising outside the jurisdiction of the Ninth Circuit.

The respondent adjusted her status to that of a lawful permanent resident in 2003. Her period of lawful permanent residence is therefore short of the 5 years required by section 240A(a)(1) of the Act. Accordingly, we conclude that the respondent is ineligible for cancellation of removal and will dismiss the appeal.

**ORDER:** The appeal is dismissed.

---

[6] As recognized by the Ninth Circuit in *Cuevas-Gaspar v. Gonzales*, *supra*, at 1028, the decision to amend the Act to replace relief under former section 212(c) with cancellation of removal was intended in part to "clarify an area of the law regarding the cutoff periods for these benefits." 72 Interpreter Releases, No. 29, Mar. 20, 1995, at 377, 381 (regarding remarks of the Immigration and Naturalization Service Commissioner). Prior to the amendment, disagreement existed in various judicial and administrative interpretations of that section's requirement of 7 consecutive years of "lawful unrelinquished domicile." Specifically, the issue of contention involved whether all 7 years of the domicile must be as a *lawful permanent resident*. This question became moot when Congress created the two distinct tests for cancellation of removal. An applicant for cancellation of removal under section 240A(a) must establish both 5 years as a permanent resident and 7 years of residence following admission in any status. *See Matter of Blancas*, 23 I&N Dec. 458 (BIA 2002).