# Matter of Javier RAMIREZ-VARGAS, Respondent

File A074 223 635 - Eloy

*Decided as amended August 20, 2008[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A parent's period of residence in the United States cannot be imputed to a child for purposes of calculating the 7 years of continuous residence required to establish eligibility for cancellation of removal under section 240A(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(2) (2006).

FOR RESPONDENT: Michael Franquinha, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Heather A. Cornwell, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and HESS, Board Members.

PAULEY, Board Member:

In a decision dated February 26, 2008, an Immigration Judge found the respondent, a native and citizen of Mexico and lawful permanent resident of the United States, removable as an alien convicted of a controlled substance violation but granted his application for cancellation of removal pursuant to section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2006). The Department of Homeland Security ("DHS") has timely appealed the Immigration Judge's grant of cancellation of removal, arguing that he erred in finding the respondent to be statutorily eligible for that relief. The appeal will be sustained.

Section 240A(a) of the Act provides in relevant part that the Attorney General may cancel removal if the alien: (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously for 7 years after having been admitted in any

---

[1] On our own motion, we amend the June 30, 2008, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

status; and (3) has not been convicted of any aggravated felony.[2]  There is no dispute that the respondent became a lawful permanent resident on March 14, 1997, and that his first offense of possession of methamphetamine, which was committed on December 10, 2003, terminated his continuous residence short of the required 7 years.  The only issue on appeal is whether the Immigration Judge correctly determined that the period during which the respondent resided as an unemancipated minor child with his lawful permanent resident father could be imputed to the respondent in order to satisfy the 7-year residence requirement for cancellation of removal under section 240A(a)(2) of the Act.  We conclude that it cannot be so imputed and that the Immigration Judge's finding in that regard was erroneous.

In his decision, the Immigration Judge agreed with the respondent's pretrial argument that, pursuant to *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), his father's period of residence as a lawful permanent resident could be attributed to him for purposes of determining the 7-year continuous residence requirement.  In *Cuevas-Gaspar* the Ninth Circuit interpreted section 240A(a)(2) of the Act, which it found to be silent on the issue of imputing lawful permanent residence. *Id.* at 1022.

Subsequently, we published *Matter of Escobar*, 24 I&N Dec. 231, 233 (BIA 2007), in which we rejected the Ninth Circuit's interpretation and found that the lawful permanent residence of a parent could not be imputed to a child in determining whether the child acquired the necessary years of residence.  We concluded that while *Cuevas-Gaspar* dealt only with section 240A(a)(2) of the Act, a parent's lawful permanent resident status also could not be imputed to a child under section 240A(a)(1). *Id.* at 232-34.  In our decision, we provided a full explanation of our reasons for not imputing the lawful admission of a parent to a child who was later admitted as a lawful permanent resident.  This extensive rationale was not before the Ninth Circuit when it ruled in *Cuevas-Gaspar*.

Recently, the Ninth Circuit held in similar circumstances that it must give "*Chevron* deference" to an agency's statutory interpretation that conflicts with its own earlier interpretation. *Gonzales v. Department of Homeland Security*, 508 F.3d 1227, 1242 (9th Cir. 2007); *see also Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984) (stating that where a statute is silent or ambiguous on a specific issue, an agency's interpretation of it should be given deference if it is based on a permissible construction of the statute).  In the prior Ninth Circuit decision at issue in

---

[2] The term "lawfully admitted for permanent residence" means "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  Section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2006).

*Gonzales*, the court had found the interpretation of an ambiguous provision at issue in that case to be unreasonable. *Perez-Gonzales v. Ashcroft*, 379 F.3d 783, 788-89 (9th Cir. 2004). The court nevertheless found that it was required to defer to the subsequent interpretation of the agency. *Gonzales v. Department of Homeland Security*, *supra*, at 1242. We therefore consider ourselves bound by our more recent precedent in *Matter of Escobar*, *supra*. *See generally Nat'l Cable & Telecomms. Ass'n v. Brand X lnternet Servs.*, 545 U.S. 967 (2005); *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, *supra*.

We conclude that the lawful permanent residence of the respondent's father cannot be imputed to the respondent. Therefore, the respondent cannot satisfy the 7-year continuous residence requirement in section 240A(a)(2) of the Act and is ineligible for cancellation of removal. Accordingly, the DHS's appeal will be sustained and the respondent will be ordered removed.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge granting cancellation of removal is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Mexico.