# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2010

No. 08-60626

Lyle W. Cayce
Clerk

JORGE ALBERTO PULIDO-ALATORRE

    Petitioner

v.

ERIC H. HOLDER, JR., US ATTORNEY GENERAL

    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 595 146

Before HIGGINBOTHAM and STEWART, Circuit Judges, and FELDMAN,[*] District Judge.

PER CURIAM:[**]

    Jorge Alberto Pulido-Alatorre, a native and citizen of Mexico, has petitioned for review of a final order of the Board of Immigration Appeals (BIA) denying his motions to reconsider, reopen, and stay the order of removal; the BIA had dismissed Pulido-Alatorre's appeal of the Immigration Judge's order, which found that Pulido-Alatorre's convictions were crimes involving moral

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

turpitude and denied him cancellation of removal.  The IJ ruled that Pulido-Alatorre is subject to removal on the basis of two criminal convictions in Texas, and that he is ineligible for cancellation of removal.  On appeal, the BIA affirmed.  Pulido-Alatorre did not seek judicial review of the BIA's order, but instead filed motions to reconsider, reopen, and stay the order of removal.  The BIA denied Pulido-Alatorre's motions to reconsider, reopen, and stay the order of removal; that BIA order is the subject of this timely petition for review.

Pulido-Alatorre asserts the following issues on appeal: (1) whether Pulidos-Alatorre's 2004 Texas state conviction of a misdemeanor charge of burglary of a motor vehicle under Tex. Penal Code § 30.04 is a crime involving moral turpitude (CIMT); (2) whether his 2005 Texas state conviction for evading arrest with a vehicle under Tex. Penal Code § 38.04 is a CIMT; (3) whether he is eligible for cancellation of removal; (4) whether he is eligible for a hardship waiver of removal; and (5) whether he is eligible for a petty crime waiver.

I

*A.*

The petitioner first seeks review of the BIA's upholding of the IJ's judgment that the petitioner is removable under the INA  for committing two CIMTs, as well as committing such offense within five years of entry.  Pulido-Alatorre argues on appeal that neither of his Texas state convictions --  for burglary of a motor vehicle and for evading arrest with a vehicle -- constitute a CIMT.  An alien is deportable if he has been convicted of two or more crimes involving moral turpitude.  8 U.S.C. § 1227(a)(2)(A)(ii).  What constitutes a CIMT is left up to the BIA and the federal courts. We apply a two-part standard of review to the BIA's conclusion that a non-citizen has committed a crime involving moral turpitude.  Smalley v. Ashcroft, 354 F.3d 332, 335 (5th Cir. 2003). "First, we accord 'substantial deference to the BIA's interpretation of the INA'

and its definition of the phrase 'moral turpitude.'[1]  Second, we review *de novo* whether the elements of a state or federal crime fit the BIA's definition of a CIMT." Id. at 335-36 (citations omitted).  The BIA's determination of what constitutes moral turpitude must be upheld if that determination is reasonable. Hamdan v. INS, 98 F.3d 183, 185 (5th Cir. 1996).

To determine whether a particular statute meets the BIA's definition, the Court utilizes a categorical approach, which focuses "on the inherent nature of the crime, as defined in the statute..., rather than the circumstances surrounding the particular transgression." Amouzadeh, 467 F.3d at 455  (internal quotation marks and citation omitted).  This categorical approach requires the Court to examine statutory text as interpreted by the state courts, without regard to the circumstances surrounding the offender's violation.  Id. In examining the statutory text, the Court evaluates "the minimum criminal conduct necessary to sustain a conviction under the statute[;]" an offense will not be considered a CIMT if it could include crimes "not inherently entailing moral turpitude." Id. (internal quotation marks and citations omitted).  However, if the statute does not categorically involve moral

---

[1] The BIA has defined moral turpitude as follows:

> Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.  Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude.  Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.

Amouzadeh v. Winfrey, 467 F.3d 451, 455 (5th Cir. 2006) (internal quotation marks and citation omitted).

turpitude -- if the statute is divisible into discrete subsections of acts, where some constitute CIMT and some do not -- the Court applies an exception to the categorical approach: in that situation, the Court looks to the alien's record of conviction to determine whether he pleaded guilty to elements that constitute a CIMT. Id.

Considering the record as a whole, we find that the BIA did not err in finding that Pulido-Alatorre's 2004 conviction for violating Tex. Penal Code 30.04(a) was a CIMT. Section 30.04 of the Texas Penal Code provides: "A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of the vehicle with intent to commit any felony *or theft*." (emphasis added). Applying the categorical approach, the BIA was reasonable in determining that petitioner's crime is one involving moral turpitude; in an analogous context, this Court has determined that burglary of a car is a "crime of violence." Cf. United States v. Delgado-Enriquez, 188 F.3d 592, 595 (5th Cir. 1999); United States v. Ramos-Garcia, 95 F.3d 369, 371 (5th Cir. 1996). Moreover, even if we divided the statute such that intent to commit theft was a component of burglary of a vehicle, the BIA's determination that Pulido-Alatorre's conviction was a CIMT was reasonable. Because the record of conviction shows that Pulido-Alatorre pleaded guilty to the charge of breaking and entering into a motor vehicle with intent to commit a theft, the BIA did not err in finding that Texas Penal Code 30.04(a) was a CIMT.

*B.*

Nor did the BIA err in finding that Pulido-Alatorre's 2005 conviction of evading arrest with a vehicle, a violation of Tex. Penal Code 38.04(a), was a CIMT. Section 38.04 of the Texas Criminal Code provides:

> (a) A person commits an offense if he intentionally flees
> from a person he knows is a peace officer attempting to

lawfully arrest or detain him.

(b)    An offense under this section is a Class B misdemeanor, except that the offense is:

(1) a state jail felony if
(A) the actor has been previously convicted under this section; or
(B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section.

The categorical approach appears inapplicable because the statute as a whole encompasses some acts that do, and some acts that do not, involve moral turpitude.  Looking to the record of conviction, Pulido-Alatorre pleaded guilty to "unlawfully intentionally flee[ing] from ... a peace officer ... lawfully attempting to detain him, and he used a motor vehicle while in flight."    Thus, Pulido-Alatorre pleaded guilty to that discrete subsection of the statute that criminalizes intentional flight with a vehicle, which the BIA determined was a CIMT because "such conduct reflects an awareness and conscious disregard of a substantial and unjustifiable risk."    This Court finds that the BIA's determination that Pulido-Alatorre's conviction constituted a CIMT was reasonable. Accordingly, considering the record as a whole, Pulido-Alatorre was convicted of two CIMTs that were not part of the same scheme; thus, the BIA properly upheld the IJ's ruling that Pulido-Alataorre  is deportable under § 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii).

Furthermore, the BIA did not err in affirming that Pulido-Alatorre is not eligible for cancellation of removal under the "petty offense" exception. This exception does not apply to him because we have upheld the BIA's determination that Pulido-Alatorre committed two CIMTs.  See INA §

5

212(a)(2)(A)(ii), 8 U.S.C. § 1182(a)(2)(A)(ii) ("[inadmissibility for conviction of a CIMT] shall not apply to an alien who committed only one crime if...").

## II

The petitioner next requests that we review whether the BIA erred in affirming the IJ's finding that the petitioner was not eligible for cancellation of removal under INA § 240 A(a), 8 U.S.C. § 1229b(a). This requires a determination as to whether, upon the time of his priority date for adjustment of status as a legal permanent resident, he is able under the law to impute the residency of his father as his own in order to meet the seven years residency requirement required for eligibility for cancellation of removal where the petitioner was a minor throughout such period of ten years.

The BIA's factual conclusions are reviewed for substantial evidence and legal conclusions are reviewed *de novo*. The Court gives deference to the BIA's interpretations of ambiguous provisions of the INA. Avilez-Granados v. Gonzales, 481 F.3d 869, 871 (5th Cir. 2007). In interpreting the INA, under the Chevron framework, the Court first determines "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984). On the other hand, if Congress has left a gap in the statute, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843. "Needless to say, plain statutory language is the most instructive and reliable indicator of Congressional intent." Martinez v. Mukasey, 519 F.3d 532, 541 (5th Cir. 2008)(citing White v. INS, 75 F.3d 213, 215 (5th Cir. 1996)).

The cancellation of removal for permanent residents provision provides:

> (a)  Cancellation of removal for certain permanent residents
> The Attorney General may cancel removal in the case of an alien who is inadmissable or deportable from the United States if the alien--
>> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>> (3) has not been convicted of any aggravated felony.

INA § 240A(a), 8 U.S.C. § 1229b(a).  "[A]dmitted" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).  If an alien during that seven-year period commits a CIMT, then the Attorney General can no longer cancel his removal.  The only way Pulido-Alatorre can invoke this cancellation of removal provision is if it is permissible to impute to him his father's years of lawful permanent residency.  Accordingly, we consider Pulido-Alatorre's argument that the BIA should have imputed to him his father's years of lawful permanent residency because he was a minor who resided with his father until his admission in 2002. A divided panel of the Ninth Circuit has determined that the statute is ambiguous and that the BIA's interpretation (that the petitioner could not impute his mother's lawful permanent resident status in order to meet the requirement for cancellation of removal) was unreasonable and, therefore, not entitled to deference.  See Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1016 (9ᵗʰ Cir. 2005).  The BIA has since reaffirmed its position, that imputation is not permissible, and has thus limited application of Cuevas-Gaspar to only § 240(a)(2) and to only the Ninth Circuit.  See In re Escobar, 241 I. & N. Dec. 231,

235 (BIA 2007). [2] The Third Circuit has disagreed with the Ninth Circuit; the Third Circuit, like the Ninth Circuit, first determined that the statute was ambiguous, but then parted ways with the Ninth Circuit when it upheld the BIA's interpretation of the INA as reasonable. See Augustin v. Attorney General, 520 F.3d 264, 268 (3d Cir. 2008).

We decline to follow the Ninth Circuit. As a preliminary matter, we note that Cuevas-Gaspar is not binding precedent; moreover, the Ninth Circuit appears impermissibly to have expanded the INA's removal cancellation provision. Instead, we favor the Third Circuit's reasoning in Augustin. That is, even if we determined that the statute was ambiguous, which it does not appear to be and which we need not decide today, we favor the Third Circuit's reasoning in upholding as a permissible interpretation of the statute the BIA's refusal to impute the parent's years of residence. As the Third Circuit noted, the BIA's position is "permissible because it is a straightforward application of the statutory requirements. [The Third Circuit could not] find the BIA unreasonable for failing to read into the statute an exception seemingly at odds with the statute's requirements." Augustin, 520 F.3d at 270.

## III

Finally, we consider whether the BIA erred in denying Pulido-Alatorre's motion to reopen based on its determination that he had failed to show that he would be *prima facie* eligible for adjustment of status. Pulido-Alatorre, as the moving party, bears a heavy burden to reopen a removal case. See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549-50 (5th Cir. 2006). The BIA has

---

[2]The Ninth Circuit recently overruled In re Escobar. Escobar v. Holder, 567 F.3d 466 (9th Cir. 2009)(holding that rationale and holding of Cuevas-Gaspar equally applied to the statute's additional five-year permanent residence requirement). In re Escobar remains persuasive authority as an expression of the BIA's position that applies outside the Ninth Circuit.

broad discretion over such motions and an order denying reopening is reviewed under a "highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).  We find no error.  Pulido-Alatorre failed to comply with the procedural requirements for filing a motion to reopen; the BIA determined that he failed to append an application for adjustment of status to his motion to reopen as required by 8 C.F.R. § 1003.2(c)(1).  His motion is procedurally defaulted.  See Tapia-Martinez v. Gonzales, 142 Fed.App'x. 882, 884-85 (6th Cir. 2005)(affirming BIA's denial of non-citizen's motion to reopen where it was not supported with a copy of the application for relief requested).  Furthermore, the petitioner failed to make a showing that, if permission to reapply were granted, he would be eligible for admission.  Accordingly, we find that the BIA did not abuse its discretion in denying Pulido-Alatorre's motion to reopen.  Accordingly, the BIA is entitled to deference; the petition for review is DENIED.