**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARINA SAUCEDO-AREVALO,
                              *Petitioner,*

                v.

ERIC H. HOLDER JR., Attorney
General,

                              *Respondent.*

No. 09-73682

B.I.A. No.
A099-577-198

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 14, 2011—Seattle, Washington

Filed March 29, 2011

Before: Susan P. Graber and Raymond C. Fisher,
Circuit Judges, and Cynthia Holcomb Hall,*
Senior District Judge.

Per Curiam Opinion

---

*The Honorable Consuelo B. Marshall, United States Senior District
Judge for the Central District of California, sitting by designation.

## COUNSEL

Henry Cruz and Stephanie Thorpe, Rios & Cruz, P.S., Seattle, Washington, for the petitioner.

M. Jocelyn Lopez Wright and Nancy E. Friedman, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

PER CURIAM:

Petitioner Marina Saucedo-Arevalo petitions for review of the Board of Immigration Appeals' ("BIA") denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). Petitioner entered the country in 2002 and therefore cannot satisfy the 10-year continuous physical presence requirement. Her mother entered the country in 1993, but the BIA held that her mother's physical presence cannot be imputed to Petitioner for purposes of cancellation of removal. Reviewing de novo, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1158-59 (9th Cir. 2009), we agree. Accordingly, we deny the petition.

**[1]** "[T]his court repeatedly ha[s] held that a parent's status, intent, or state of mind is imputed to the parent's unemancipated minor child in many areas of immigration law . . . ." *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1024 (9th Cir. 2005). Because a child lacks the legal capacity to form an intent and cannot be faulted for failing to secure a legal status, we have imputed the parent's status, intent, or state of mind to a child residing with the parent. For instance, "for purposes of satisfying the seven-years of continuous residence 'after having been admitted in any status' required for cancellation of removal under 8 U.S.C. § 1229b(a)[(2)], a parent's admission for permanent resident status is imputed to the parent's unemancipated minor children residing with the parent." *Id.* at 1029; *see also Mercado-Zazueta v. Holder*, 580 F.3d 1102, 1103 (9th Cir. 2009) (holding that imputation applies for purposes of the five-year permanent residence requirement under 8 U.S.C. § 1229b(a)(1)); *Vang v. INS*, 146 F.3d 1114, 1116-17 (9th Cir. 1998) (holding that imputation applies for purposes of whether a minor has "firmly resettled" in another country); *Lepe-Guitron v. INS*, 16 F.3d 1021, 1024 (9th Cir. 1994) (holding that a parent's "lawful unrelinquished domicile" is imputed to "a child, [who] legally entered the United States with his parents, was always legally within the country,

was domiciled here, but acquired permanent resident status, still as a minor, many years after his parents achieved it"); *Senica v. INS*, 16 F.3d 1013, 1016 (9th Cir. 1994) (holding that a parent's knowledge or state of mind concerning a fraudulent application is imputed to the parent's child with respect to grounds for inadmissibility).[1]

**[2]** But we recently clarified that line of authority and limited our imputation rule to encompass only an intent, state of mind, or legal status. *Barrios v. Holder*, 581 F.3d 849, 862-65 (9th Cir. 2009). In *Barrios*, we held that imputation does not apply to the statutory requirement in the Nicaraguan Adjustment and Central American Relief Act ("NACARA") that an alien demonstrate a certain period of continuous "physical presence." *Id.* "The meaning of 'physical presence' is quite distinct from the requirements we have previously held to be imputable. Indeed, the difference in meaning is 'so great as to be dispositive.' " *Id.* at 862 (quoting *Cuevas-Gaspar*, 430 F.3d at 1026). We explained:

> [T]he definition of "physical presence" is a state of being, not a state of mind; it is not conferred by an immigration officer or a governmental agency; it depends on no legal construct. . . .
>
> . . . [The petitioner] was either corporeally within the borders of the United States or he was not. Because he was not, he cannot meet the physical presence requirement, and there is no legal basis for imputing his [parent's] physical presence.

---

[1]The issue of imputation is not without controversy. *See, e.g.*, *Mercado-Zazueta*, 580 F.3d at 1115-16 (Graber, J., concurring) (stating disagreement with this court's rule in *Cuevas-Gaspar*); *Escobar v. Holder*, 567 F.3d 466, 481-82 (9th Cir. 2009) (Graber, J., concurring) (same); *Cuevas-Gaspar*, 430 F.3d at 1031-32 (Fernandez, J., dissenting); *Lepe-Guitron*, 16 F.3d at 1027 (Rymer, J., dissenting).

*Id.* at 863-64 (footnote omitted).

**[3]** Like the petitioner in *Barrios*, Petitioner here seeks to impute her parent's physical presence in the United States. In *Barrios*, we rejected almost all of the same arguments now advanced by Petitioner here. As Petitioner acknowledges, we are bound by *Barrios*.

She also urges us to limit *Barrios* to the "physical presence" requirement *in NACARA*. She argues that the "physical presence" requirement *in 8 U.S.C. § 1229b(b)* has a different meaning. We are unpersuaded.

The two statutes are part of the same statutory immigration scheme and, with the exception of the number of years required, the statutes use identical text. *Compare* NACARA, Pub. Law No. 105-100, § 203(b), 111 Stat. 2160, 2198 (1997) (at issue in *Barrios*) (requiring that the alien "has been physically present in the United States for a continuous period of not less than 7 years immediately preceding the date of such application"), *with* 8 U.S.C. § 1229b(b)(1)(A) (at issue here) (requiring that the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application"). In these circumstances, we presume that Congress intended the same text to have the same meaning. *See Cooper v. FAA*, 622 F.3d 1016, 1032 (9th Cir. 2010) (holding that, where Congress uses identical text in two statutes having similar purposes, we presume that Congress intended the same meaning). None of Petitioner's arguments overcomes that presumption.

**Petition DENIED.**