SMITH, N.R., Circuit Judge,
concurring:
I write separately, because it is not necessary to speculate about potential exceptions to an imputation rule as the majority has done in section III.B of its opinion. There are no applicable exceptions to the rule in this case.
“[BJoth the BIA and this court repeatedly have held that a parent’s status, intent, or state of mind is imputed to the parent’s unemancipated minor child in many areas of immigration law, including asylum, grounds of inadmissibility, and legal residency status.” Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1024 (9th Cir.2005). This court has not specifically addressed imputing a parent’s abandonment of LPR status to their unemancipated child. However, imputing parents’ abandonment of LPR status to their children is consistent with our authority.[1] As this court set forth in Saucedo-Arevalo v. Holder:
“a parent’s admission for permanent resident status is imputed to the parent’s unemancipated minor children residing with the parent.” [Cuevas-Gaspar v. Gonzales, 430 F.3d] at 1029; see also Mercado-Zazueta v. Holder, 580 F.3d 1102, 1103 (9th Cir.2009) (holding that imputation applies for purposes of the five-year permanent residence requirement under 8 U.S.C. § 1229b(a)(l)); Vang v. INS, 146 F.3d 1114, 1116-17 (9th Cir.1998) (holding that imputation applies for purposes of whether a minor has “firmly resettled” in another country); Lepe-Guitron v. INS 16 F.3d 1021, 1024 (9th Cir.1994) (holding that a parent’s “lawful unrelinquished domicile” is imputed to “a child, [who] legally entered the United States with his parents, was always legally within the country, was domiciled here, but acquired permanent resident status, still as a minor, many years after his parents achieved it”); Senica v. INS, 16 F.3d 1013, 1016 (9th Cir.1994) (holding that a parent’s knowledge or state of mind concerning a fraudulent application is imputed to the parent’s child with respect to grounds for inadmissibility).
636 F.3d 532, 533 (9th Cir.2011). Given our court’s precedent that (1) a parent’s residency in the United States and (2) a parent’s state of mind concerning a fraudulent application is imputed to a minor, it would be illogical to hold (under most circumstances) that the abandonment of LPR status would not be imputed.
The BIA has addressed this issue in at least three precedential opinions, Huang, *1156 Zamora, and Winkens, holding that parents’ abandonment of their LPR status is imputed to their children. These decisions are entitled to deference under Chevron. See Marmolejo-Campos v. Holder, 558 F.3d 903, 911 (9th Cir.2009) (“[W]e apply Chevron deference regardless of whether the order under review is the precedential decision itself or a subsequent unpublished order that relies upon it.”). Despite acknowledging these decisions and their binding effect, the majority appears to try and lessen the precedential value of these cases by suggesting that they should not necessarily be afforded deference, because the BIA cites to no authority to support their position. Specifically, the majority notes that the case of Matter of Bauer, 10 I. & N. Dec. 304 (BIA 1963) overruled in part by Zamora, 17 I. & N. Dec. at 397 (from which this line of authority was derived) does not stand for the proposition that a parent’s intent is imputed to the minor child. However, the source of the BIA’s holdings is not necessarily relevant under an analysis under Chevron. All three of these decisions are published opinions to which we defer as long as “the agency’s answer is based on a permissible construction of the statute.” Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The BIA’s answer is a reasonable construction of the statute. The imputing of a “parent’s status, intent, or state of mind ... to the parent’s unemancipated minor child” has long been the standard in this circuit. See Saucedo-Arevalo, 636 F.3d at 533. I find no basis to diverge from this general rule in cases of abandonment. The majority conjures up possible exceptions and limitations (which have not been before the BIA) to suggest that the BIA’s rule may not be reasonable in the future. However, our ease does not present any such limitations. Under the circumstances presented here, I would accord the BIA’s opinions in Huang, Zamora, and Winkens deference and hold that a parent’s intent with respect to the abandonment of LPR status is imputed to a minor child during the period of his unemaneipation.
However, because the issue before us turns on when Khoshfahm’s parents intended to abandon their LPR status, we need not speculate about potential exceptions and concerns raised by imputing a parent’s abandonment of LPR status to his or her minor child.

. Although not addressing this abandonment, we have cited the BIA’s precedent on imputation, Matter of Huang, 19 I. & N. Dec. 749 (BIA 1988); Matter of Zamora, 17 I. & N. Dec. 395 (BIA 1980); and Matter of Winkens, 15 I. & N. Dec. 451 (BIA 1975), on several occasions. See Cuevas-Gaspar, 430 F.3d at 1025; Mercado-Zazueta v. Holder, 580 F.3d 1102, 1104-05 (9th Cir.2009).