# Matter of Diana MONTOYA-SILVA, Respondent

*Decided May 9, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A parent's lawful permanent resident status and residence in the United States cannot be imputed to an unemancipated minor for purposes of establishing the child's eligibility for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2006). *Matter of Escobar*, 24 I&N Dec. 231 (BIA 2007); and *Matter of Ramirez-Vargas*, 24 I&N Dec. 599 (BIA 2008), reaffirmed.

FOR RESPONDENT: Dario Aguirre, Esquire, Denver, Colorado

FOR THE DEPARTMENT OF HOMELAND SECURITY: Julia Cline, Senior Attorney

BEFORE: Board Panel: GUENDELSBERGER and ADKINS-BLANCH, Board Members; MANUEL, Temporary Board Member.

MANUEL, Temporary Board Member:

In a decision dated June 27, 2011, an Immigration Judge found the respondent removable under section 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i) (2006), for attempting to smuggle an alien into the country. He also found her statutorily ineligible for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006), and ordered her removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States on or about August 22, 2000, as a lawful permanent resident. On July 8, 2005, she was stopped at the Calexico East Port of Entry for attempting to smuggle an alien into the United States. She was placed in these removal proceedings by the issuance of a notice to appear dated July 9, 2005.

At a hearing before the Immigration Judge, the respondent conceded removability and applied for cancellation of removal for permanent residents under section 240A(a) of the Act. The Immigration Judge determined that because the respondent's continuous residence in the United States was terminated pursuant to section 240A(d)(1) when the

notice to appear was served in July 2005, she did not have the required 7 years of continuous residence since the time of her admission in August 2000. He therefore found her statutorily ineligible for cancellation of removal under section 240A(a)(2) of the Act and, in a decision dated July 7, 2006, denied her application.

The respondent appealed, and we affirmed the Immigration Judge's decision in an order dated August 31, 2007. She then filed a petition for review, and on April 8, 2009, the United States Court of Appeals for the Ninth Circuit granted her unopposed motion to remand to the Board.

In a decision dated December 21, 2009, we addressed the respondent's due process arguments regarding the evidence presented in support of the charge of inadmissibility and found that they were foreclosed by the Ninth Circuit's decision in *Samayoa-Martinez v. Mukasey*, 558 F.3d 897 (9th Cir. 2009).[1] We also noted that during the pendency of the appeal, the Ninth Circuit had issued its decision in *Mercado-Zazueta v. Holder*, 580 F.3d 1102 (9th Cir. 2009), which involved the imputation of a parent's lawful permanent resident status or continuous residence in the United States to a minor child for purposes of establishing eligibility for cancellation of removal. Finding that this decision was relevant to the question of the respondent's eligibility for relief, we remanded the record to the Immigration Judge to reconsider his decision in light of the intervening Ninth Circuit precedent.

On remand, the Immigration Judge considered the Ninth Circuit's decision in *Mercado-Zazueta* but distinguished that case, finding that the imputation of the parent's lawful permanent resident status or continuous residence in the United States to an unemancipated minor was limited to those situations where the child was residing in the United States with the parent. He concluded that the respondent, who resided in Mexico before her August 2000 admission as a lawful permanent resident, could not have her mother's residence in the United States prior to that date imputed to her. The Immigration Judge therefore again found the respondent to be statutorily ineligible for cancellation of removal under section 240A(a) of the Act in his June 27, 2011, decision.[2]

---

[1] Although the respondent indicated on her notice of appeal from the Immigration Judge's June 27, 2011, decision that she intended to challenge his inadmissibility finding, she has conceded in her brief that *Samayoa-Martinez v. Mukasey* is controlling.

[2] The Immigration Judge also addressed the respondent's eligibility for cancellation of removal for aliens who are not lawful permanent residents under section 240A(b) of the Act as a result of an inadvertent error in the statutory designation in our remand order. However, the respondent has only applied for cancellation of removal for lawful permanent residents under section 240A(a) of the Act.

## II.  ISSUE

The issue on appeal is whether a parent's period of residence in the United States can be imputed to an unemancipated minor for purposes of demonstrating the 7 years of continuous residence required to establish the child's eligibility for cancellation of removal under section 240A(a)(2) of the Act.

## III.  ANALYSIS

In order to establish statutory eligibility for cancellation of removal under section 240A(a) of the Act, an alien must demonstrate that he or she has resided in the United States continuously for a period of 7 years after having been admitted in any status.  Section 240A(a)(2) of the Act.  The respondent argues that in determining her period of continuous residence in this country, the time that her mother was residing in the United States prior to the respondent's August 2000 admission should be imputed to her.

In *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), the Ninth Circuit held that a parent's lawful admission and residence could be imputed to an unemancipated minor for purposes of calculating the 7 years of continuous residence required to establish eligibility for cancellation of removal under section 240A(a)(2) of the Act.  We declined to extend the Ninth Circuit's holding regarding imputation in the context of the residence requirement in section 240A(a)(2) to the calculation of the 5 years of lawful permanent resident status required under section 240A(a)(1) in *Matter of Escobar*, 24 I&N Dec. 231 (BIA 2007), where we held that a parent's lawful permanent resident status could not be imputed to a child. Subsequently, in *Matter of Ramirez-Vargas*, 24 I&N Dec. 599 (BIA 2008), we followed *Matter of Escobar* in finding, contrary to the Ninth Circuit, that a parent's residence in the United States could not be imputed to a child in calculating the required 7 years of continuous residence.  We noted there that the court did not have the benefit of our "extensive rationale" when it issued *Cuevas-Gaspar*. *Id.* at 600.  However, in *Mercado-Zazueta* the Ninth Circuit rejected our reasoning in *Matter of Escobar*.

Subsequent to the Immigration Judge's decision, and while the respondent's appeal has been pending, the United States Supreme Court addressed the issue of "imputation" and specifically abrogated the Ninth Circuit's decisions in both *Cuevas-Gaspar* and *Mercado-Zazueta*. *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012).  In that case, the Court found that the Board reasonably construed the statute addressing eligibility for cancellation of removal to require that each alien must satisfy the statutory requirements regarding lawful permanent resident status and continuous residence, without imputing a parent's period of lawful permanent resident

status or residence to a child.  The Court found that the Board's permissible construction was entitled to deference from the Court under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984) (holding that the courts should uphold an agency's interpretation of a statute it administers if it is based on a reasonable construction of the statute).  *Id.* at 2017, 2021.  Following the Supreme Court's decision, the Ninth Circuit recognized that "*Mercado-Zazueta* is no longer valid precedent on the issue of imputation" under section 240A of the Act.  *Mojica v. Holder*, 689 F.3d 1133, 1134 (9th Cir. 2012) (per curiam) (citing *Sawyers v. Holder*, 684 F.3d 911 (9th Cir. 2012) (per curiam)).

In view of the Supreme Court's rejection of the imputation doctrine as applied to an alien seeking to establish eligibility for cancellation of removal, we reaffirm our decisions in *Matter of Escobar* and *Matter of Ramirez-Vargas*.  Applying the reasoning of *Ramirez-Vargas* to this case, we conclude that the respondent has not demonstrated that she acquired 7 years of continuous residence after having been admitted in any status, as required by section 240A(a)(2) of the Act.  She is therefore statutorily ineligible for cancellation of removal.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.