# Matter of Ingrid Carolina DUARTE-LUNA, Respondent
# Matter of Bessy Beatriz LUNA, Respondent

*Decided June 20, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A parent's continuous physical presence and continuous residence in the United States cannot be imputed to a child for purposes of establishing the child's eligibility for Temporary Protected Status.

FOR RESPONDENT: Ilyce Shugall, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Aaron Keesler, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated August 25, 2009, an Immigration Judge granted the respondents' applications for Temporary Protected Status ("TPS") under section 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254a(a) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The respondents oppose the appeal. The appeal will be sustained, and the record will be remanded to the Immigration Judge.

The respondents, who are natives and citizens of El Salvador, are two sisters whose mother was granted TPS in 2001. Both respondents arrived in the United States as minors on August 24, 2003, and were served with notices to appear 2 days later. They subsequently filed applications for TPS in 2005, and removal proceedings were administratively closed while their applications were pending. The respondents' applications were denied and their appeals were dismissed. They subsequently filed renewed applications, all of which were denied. Removal proceedings were then recalendared.

In her decision, the Immigration Judge relied on two opinions of the United States Court of Appeals for the Ninth Circuit in finding that the continuous physical presence and continuous residence of the respondents' mother could be imputed to them for purposes of establishing their eligibility for TPS because they entered the United States as unemancipated

minors. *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1021−29 (9th Cir. 2005); *Lepe-Guitron v. INS*, 16 F.3d 1021, 1025−26 (9th Cir. 1994). The Immigration Judge consequently found the respondents eligible for TPS and granted their applications for that relief.

Section 244(a) of the Act does not provide for "derivative" TPS status. However, the regulations state that an applicant for TPS who is the child of "an alien currently eligible to be a TPS registrant" may be eligible to receive TPS through late registration. 8 C.F.R. § 1244.2(f)(2)(iv) (2013).[1] The applicant must nevertheless satisfy several additional requirements, including continuous physical presence in the United States since the effective date of the foreign country's most recent designation and continuous residence in the country since the date designated by the Attorney General. 8 C.F.R. § 1244.2(b), (c).[2]

The effective date of the TPS designation of El Salvador was March 9, 2001, and the Attorney General has designated February 13, 2001, as the date by which the alien's continuous residence in the United States must have begun. *See* Designation of El Salvador Under Temporary Protected Status Program, 66 Fed. Reg. 14,214, 14,215 (Mar. 9, 2001). Extensions of TPS designations do not constitute new designations of TPS. *See De Leon-Ochoa v. Att'y Gen. of U.S.*, 622 F.3d 341, 355−56 (3d Cir. 2010); *Cervantes v. Holder*, 597 F.3d 229, 234−36 (4th Cir. 2010); Extension of the Designation of El Salvador for Temporary Protected Status, 78 Fed. Reg. 32,418, 32,418 (May 30, 2013) (stating that applicants must meet "all TPS eligibility criteria (including continuous residence in the United States since February 13, 2001, and continuous physical presence in the United States since March 9, 2001")) (Summary). The respondents concede that they entered the United States on August 24, 2003. Therefore they have not continuously resided in the United States since February 13, 2001, and have not been physically present in the United States since March 9, 2001, as required for TPS eligibility.

Moreover, the physical presence and residence of the respondents' mother may not be imputed to them for purposes of establishing their

---

[1] The regulations relating to TPS applications submitted to the DHS are at 8 C.F.R. § 244.2 (2013).

[2] The respondents' argument that late initial registration applicants are not required to satisfy the continuous physical presence and residence requirements is inconsistent with the regulations and is not persuasive. The regulations clearly state that all TPS applicants must meet the eligibility requirements in 8 C.F.R. § 1244.2(a)−(e), which includes continuous physical presence and continuous residence. *See* Temporary Protected Status, Exception to the Registration Deadlines, 63 Fed. Reg. 63,593, 63,594 (Nov. 16, 1998) (Supplementary Information); *see also Matter of Echeverria*, 25 I&N Dec. 512, 516−17 (BIA 2011).

eligibility for TPS. Subsequent to the Immigration Judge's decision in this case, the United States Supreme Court specifically abrogated the Ninth Circuit's holding in *Cuevas-Gaspar* with respect to the residence requirement and upheld our determination that a parent's years of residence may not be imputed to an alien child seeking to establish eligibility for cancellation of removal, who must independently establish the required period of continuous residence. *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012); *see also Matter of Montoya-Silva*, 26 I&N Dec. 123, 125−26 (BIA 2013) (noting the Supreme Court's abrogation of *Cuevas-Gaspar* and reaffirming *Matter of Escobar*, 24 I&N Dec. 231 (BIA 2007), and *Matter of Ramirez-Vargas*, 24 I&N Dec. 599 (BIA 2008), which held that a parent's residence in the United States cannot be imputed to a child in determining the child's eligibility for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006)). The Court found that the Board reasonably distinguished between "matters involving an alien's state of mind" (such as the parent's domicile or abandonment of lawful permanent resident status), which can be imputed to the child, and "objective conditions or characteristics" (such as the parent's place of residence), which are not imputed to the child. *Holder v. Martinez Gutierrez*, 132 S. Ct. at 2020 (citing *Matter of Escobar*, 24 I&N Dec. at 233−34 & n.4). Consistent with the Supreme Court's ruling, we conclude that the respondents must independently establish their continuous residence in the United States since February 13, 2001, because their mother's residence cannot be imputed to them.

Nor can the respondents' mother's physical presence be imputed to them for purposes of establishing the necessary continuous physical presence for TPS. According to 8 C.F.R. § 1244.1, the phrase "[c]ontinuously physically present" means "actual physical presence in the United States for the entire period specified in the regulations," with an exception relating to brief, casual, and innocent absences that is not relevant to the respondents. Because the respondents' physical presence is an objective condition or characteristic, and not a matter involving their state of mind, their mother's physical presence cannot be imputed to them. *See Saucedo-Arevalo v. Holder*, 636 F.3d 532, 533 (9th Cir. 2011) (declining to impute a parent's physical presence for purposes of establishing a child's eligibility for cancellation of removal under section 240A(b)(1)(A) of the Act); *Barrios v. Holder*, 581 F.3d 849, 862−65 (9th Cir. 2009) (similarly declining to impute a parent's physical presence for purposes of establishing eligibility for relief under

section 203(b) of the Nicaraguan Adjustment and Central American Relief Act, Pub L. No. 105-100, 111 Stat. 2160, 2198 (1997)).[3]

The respondents have not continuously resided in the United States since February 13, 2001, and have not been continuously physically present since March 9, 2001. They have therefore not established their eligibility for TPS. Accordingly, the DHS's appeal will be sustained, and the record will be remanded to give the respondents an opportunity to apply for any relief for which they may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] Other circuit courts have found that a parent's continuous residence or continuous physical presence may not be imputed for purposes of establishing a child's eligibility for TPS. *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668−69 (5th Cir. 2012) (holding that an alien cannot establish eligibility for TPS based on his parents' continuous residence and continuous physical presence); *De Leon-Ochoa v. Att'y Gen. of U.S.*, 622 F.3d at 356 (stating that "the 'continuous residence' requirement [for TPS] cannot be met via imputation"); *Cervantes v. Holder*, 597 F.3d at 236−37 (rejecting the petitioner's imputation theory and giving deference to the Board's position that "each TPS registrant must independently satisfy the continuous residence requirement").