# Matter of R-A-, Respondent

*Decided by Attorney General September 25, 2008*

U.S. Department of Justice
Office of the Attorney General

   The Attorney General lifted the stay previously imposed on the Board of Immigration Appeals and remanded the case for reconsideration of the issues presented with respect to asylum claims based on domestic violence.

FOR RESPONDENT: Karen Musalo, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Gus P. Coldebella, Acting General Counsel

## BEFORE THE ATTORNEY GENERAL
(September 25, 2008)

   On January 19, 2001, Attorney General Reno vacated the decision of the Board of Immigration Appeals in *Matter of R-A-*, 22 I&N Dec. 906 (BIA 1999), and directed the Board on remand to stay reconsideration of the case until after the publication in final form of a proposed rule published after the Board's decision. On February 21, 2003, Attorney General Ashcroft certified the Board's decision for review but remanded the case on January 19, 2005, again directing the Board to reconsider its decision "in light of the final rule." *Matter of R-A-*, 23 I&N Dec. 694 (A.G. 2005). Pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2008), I direct the Board to refer this case to me for review. For the reasons set forth in the accompanying opinion, I lift the stay and remand the case for further proceedings in accordance with this opinion.

## OPINION

   In *Matter of R-A-*, 22 I&N Dec. 906 (BIA 1999; A.G. 2001), the Board of Immigration Appeals denied a claim for asylum filed by an alien who had been the victim of domestic violence in Guatemala. The respondent in that case contended that the serious harm inflicted on her by her husband constituted persecution on account of her membership in a particular social group, defined as "Guatemalan women who have been involved intimately with Guatemalan male companions, who believe that women are to live under male

domination." *Id.* at 911. The Acting Commissioner of the Immigration and Naturalization Service referred the decision to the Attorney General for review.

On January 19, 2001, Attorney General Reno vacated the Board's decision and directed the Board on remand to stay reconsideration of the case pending the publication in final form of a proposed rule that had been published after the Board's decision. Among other things, the proposed rule would have amended the asylum regulations relating to the meaning of the terms "persecution," "on account of," and "particular social group." *See* Asylum and Withholding Definitions, 65 Fed. Reg. 76,588 (Dec. 7, 2000). Attorney General Reno's order directed the Board to reconsider its decision "in light of the final rule." The Board has continued to defer its reconsideration of *Matter of R-A-* since the issuance of that stay order.[1]

In the years since the issuance of the stay order, both the Board and courts of appeals have issued numerous decisions relating to various aspects of asylum law under the existing statutory and regulatory provisions. Although these intervening decisions may not have directly resolved the issues presented in *Matter of R-A-*, some of them have addressed, for example, the terms "persecution," "on account of," and "particular social group," and thus may have relevance to the issues presented with respect to asylum claims based on domestic violence. *See, e.g.*, *Matter of E-A-G-*, 24 I&N Dec. 591 (BIA 2008); *Matter of S-E-G-*, 24 I&N Dec. 579 (BIA 2008); *Matter of A-M-E- & J-G-U-*, 24 I&N Dec. 69 (BIA 2007); *Matter of C-A-*, 23 I&N Dec. 951 (BIA 2006).

In addition, I have been advised that the Board has been holding not only the case of the particular alien who is the subject of the *Matter of R-A-* decision, but also a growing number of similar cases involving aliens who have alleged that they were victims of domestic violence in their home countries.[2] The stay order has prevented the Board from acting on these cases.

In light of these developments and the fact that the proposed rule cited by Attorney General Reno never has been made final, I have decided to lift the stay so that the Board can revisit the issues in *Matter of R-A-* and related cases and issue new decisions. Accordingly, the Board should now proceed as it sees fit with its reconsideration of *Matter of R-A-* and the other cases involving

---

[1] In 2003, Attorney General Ashcroft certified the Board's decision in *Matter of R-A-* for review and provided an opportunity for additional briefing, but ultimately remanded the case, again directing the Board to reconsider its decision "in light of the final rule." *Matter of R-A-*, 23 I&N Dec. 694 (A.G. 2005).

[2] For aliens victimized by domestic violence in the United States, I note that the immigration laws already provide remedies in particular circumstances, including provisions for self-petitioning by battered spouses, the availability of special waivers, and the opportunity to apply for U-1 nonimmigrant status.

similarly situated aliens.  This review necessarily will be based on the current regulations, because the proposed rule has not been made final.  Given the passage of time, the Board may choose to request additional briefing in the pending cases or to remand cases to Immigration Judges for further factual development.

In engaging in this review (as in any review), the Board should of course consider relevant courts of appeals decisions.  Insofar as a question involves interpretation of ambiguous statutory language, the Board is free to exercise its own discretion and issue a precedent decision establishing a uniform standard nationwide.    Providing a consistent, authoritative, nationwide interpretation of ambiguous provisions of the immigration laws is one of the key duties of the Board.  *See, e.g.*, 8 C.F.R. § 1003.1(d)(1)(2008) ("[T]he Board, through precedent decisions, shall provide clear and uniform guidance to [DHS], the immigration judges, and the general public on the proper interpretation and administration of the Act and its implementing regulations."); *see also INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ("[W]e have recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988))); *Jian Hui Shao v. BIA*, 465 F.3d 497, 502 (2d Cir. 2006) (noting that "only a precedential decision by the BIA—or the Supreme Court of the United States—can ensure the uniformity that seems to us especially desirable in [asylum] cases such as these").[3]  Moreover, the Supreme Court has made clear that administrative agencies are not bound by prior judicial interpretations of ambiguous statutory provisions, because there is "a 'presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows.'"  *National Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) (quoting *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 740-41 (1996) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984))).[4]

---

[3] Of course, the Board's decisions are also subject to review by the Attorney General as provided in 8 C.F.R. § 1003.1(h) (2008).  *See, e.g.*, *Matter of J-S-*, 24 I&N Dec. 520 (A.G. 2008) (overruling two prior asylum decisions by the Board).

[4] Prior to the Supreme Court's decision in *Brand X Internet*, the Board had held that it was generally bound to apply existing circuit precedent in cases arising in that circuit.  *See, e.g.*, *Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989); *Matter of K-S-*, 20 I&N Dec. 715 (BIA 1993).  As the Board itself appears to have recognized, however, those decisions are no longer good law with respect to cases involving the interpretation of ambiguous statutory provisions.  *See Matter of Ramirez-Vargas*, 24 I&N Dec. 599 (BIA 2008).  *See generally*

## CONCLUSION

For the reasons set forth above, I remand this matter to the Board for reconsideration in accordance with this opinion.

---

Board of Immigration Appeals:  Affirmance Without Opinion, Referral for Panel Review, and Publication of Decisions as Precedents, 73 Fed. Reg. 34,654, 34,659-61 (June 18, 2008) (noting that "[t]he Supreme Court's decision in *Brand X Internet* offers an important opportunity for the Attorney General and the Board to be able to reclaim *Chevron* deference with respect to the interpretation of ambiguous statutory provisions in the immigration laws, notwithstanding contrary judicial interpretations, as long as the agency interpretation is within the scope of *Chevron* step two deference").