**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4455
_____

MARTHA RAMIREZ-ALVARADO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A094-981-221)
Immigration Judge: Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2010

Before: BARRY, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: January 13, 2011)
_____

OPINION
_____


PER CURIAM

        Martha Ramirez-Alvarado petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

Ramirez-Alvarado is a 25 year-old native and citizen of El Salvador. The Department of Homeland Security issued her a Notice to Appear on May 23, 2007, about 10 days after she crossed the border at Arizona, charging that she is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. She applied for asylum, withholding of removal under INA § 241(b)(3), and for protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming a fear of persecution.

On October 15, 2008, Ramirez-Alvarado appeared for her merits hearing without her counsel. She testified that she was seeking relief and protection under the INA because a member of the gang La Mara Salvatrucha, Alex "El Candado," threatened her in her home town of Ilobasco. She explained that she began dating Alex in November, 2006. A.R. 107, 110. At that time, she was unaware that he was a gang member. When she discovered this fact after dating him for two weeks, she no longer wished to date him and told him so. See id. For four months Alex did not contact or bother her. A.R. 111. But, in February, 2007, she encountered him when she was going to class, and he attempted to force her to accompany him to a home where other gang members were present. A.R. 109. Alex threatened to kill her. See id. His plan to force her to accompany him was thwarted when "some people passed by and that's why he let me go." A.R. 109. In response to questions posed by the IJ, Ramirez-Alvarado added that, during the episode, Alex was carrying a pistol in one hand and a knife in the other

2

hand.  A.R. 117-18.  Alex told her that she had to "go out with [him] and . . . have sex" or he would harm her daughter.  A.R. 112.

Following this incident, Ramirez-Alvarado filed a complaint with the police, but she claimed that "they didn't do anything."  A.R. 112.  Shortly thereafter, she moved to San Salvador to live with her aunt.  See id.  Alex did not harass or contact her during the month that she resided in San Salvador.  A.R. 112.  She testified that family members have told her that he has asked about her, and so she is afraid to return home.  In support of her testimony, Ramirez-Alvarado submitted the 2007 State Department Country Report on Human Rights Practices for El Salvador.

Following the merits hearing, the IJ rendered an Oral Decision, denying all relief.  In pertinent part, the IJ concluded that Ramirez-Alvarado's testimony was not credible on certain points because of inconsistencies concerning the date of Alex's threat and the exact nature of the threat.  See Oral Decision at 9-10, 12.  There also were inconsistencies between her asylum application and testimony concerning the exact nature of the threat.  See id. at 11.  The IJ noted that Ramirez-Alvarado, in order to further support her claim, could have provided affidavits or testimony from her two brothers – they reside in the United States and allegedly knew about the incident – but she failed to do so.  Assuming arguendo that she did testify credibly, the IJ alternatively addressed the harm that Ramirez-Alvarado suffered to determine whether she had met her burden of proof.  Alex threatened her only once and the incident ended with no physical harm to her.  Moreover, Alex did not seek her out in San Salvador when she moved.  Accordingly, what happened to her did not rise to the level of persecution and the

3

extreme conduct that term encompasses. In addition, under Matter of R-A-, 24 I. & N. Dec. 629, 630-31 (BIA 2008), in cases of asylum claims based on domestic violence, the agency may look to the specific facts of a case to determine whether an alien would qualify for protected status as a member of a particular social group, but the IJ concluded that Ramirez-Alvarado was not a member of a particular social group "merely by virtue of her rejection of the relationship with Mr. Alex El Candado." A.R. 74. The IJ ordered Ramirez-Alvarado removed to El Salvador.[1]

Ramirez-Alvarado appealed to the Board of Immigration Appeals through her counsel. In her brief she argued that she suffered past persecution and is fearful of returning to El Salvador on account of her membership in a particular social group based on her gender. On October 30, 2009, the Board dismissed her appeal. The Board determined that she failed to establish her eligibility for asylum and withholding of removal because the mistreatment she experienced did not rise to the level of past persecution. With respect to her fear of future persecution, the Board held that her claim was undermined by the fact that she lived in another area of El Salvador without any further trouble, and that her family members, who remain in El Salvador, have not been harmed by Alex "El Candado." Given these determinations, the Board found it unnecessary to address Ramirez-Alvarado's argument concerning that she is a member of a particular social group entitled to protection under the INA.

The Board additionally held that, because Ramirez-Alvarado failed to sustain her burden of establishing past persecution or a well-founded fear of future

---

[1] The IJ decided the claims on additional grounds not relevant here.

4

persecution, she necessarily failed to satisfy the higher standard of a "clear probability" of persecution as required for withholding of removal. Last, the Board found that the record evidence did not show that it was more likely than not that Ramirez-Alvarado would face torture by or with the acquiescence of a member of the Salvadoran government upon her return home.

Ramirez-Alvarado timely petitions for review. We previously denied her a stay of removal.

We will deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). Ramirez-Alvarado contends on appeal that the IJ applied the wrong standard to her asylum application; the Board did nothing more than summarily recite the IJ's decision without conducting any further analysis; the IJ did not take into consideration the State Department's Human Rights Report; and the mistreatment she suffered when considered with the country conditions evidence establishes past persecution. See Petitioner's Brief, at 3-4.

To qualify for asylum, an applicant must establish that she has a well-founded fear that she will be persecuted if removed to her home country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b), 1231(b)(3). The alien bears the burden of proof of establishing that she is a refugee and that she has suffered past persecution or has a well-founded fear of persecution. See id.; 8 C.F.R. § 1208.13(a). Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Kibinda v. Att'y Gen. of U.S., 477 F.3d 113, 119

5

(3d Cir. 2007) (quoting <u>Fatin v. Immigration & Naturalization Serv.</u>, 12 F.3d 1233, 1240 (3d Cir. 1993)). It refers only to "severe" conduct and "does not encompass all treatment our society regards as unfair, unjust or even unlawful or unconstitutional." <u>Id.</u> In the absence of evidence of past persecution, the applicant must demonstrate a subjective fear of persecution through credible testimony that her fear is genuine, <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469 (3d Cir. 2003), and the applicant must show that a reasonable person in her circumstances would fear persecution if returned to the country in question, <u>see</u> <u>id.</u>

Under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), withholding of removal is not discretionary: "The Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group or political opinion." But the test for relief is more demanding than the asylum test and requires the alien to show by a "clear probability" that her life or freedom would be threatened on account of a protected ground in the proposed country of removal. <u>Immigration & Naturalization Serv. v. Stevic</u>, 467 U.S. 407 (1984). <u>See also</u> <u>Immigration & Naturalization Serv. v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987) ("would be threatened" standard has no subjective component).

The agency's factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. <u>Immigration & Naturalization Serv. v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Under this deferential standard, the petitioner must establish that the evidence does not just support a contrary conclusion but compels it. <u>See</u> <u>id.</u> at 481 n.1; <u>Gao v. Ashcroft</u>, 299

6

F.3d 266, 272 (3d Cir. 2002). When the Board issues a separate opinion, we review the Board's disposition and look to the IJ's ruling only insofar as the Board deferred to it. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Here, the Board issued a separate decision, which, contrary to Ramirez-Alvarado's argument, was not merely a summary affirmance without opinion. The Board's decision contains legal analysis and citations to the record. The Board decided the appeal on one basis only – a failure of proof – and substantial evidence supports the Board's determination that the February, 2007 incident involving Alex "El Candado" does not rise to the level of persecution. See Chavarria, 446 F.3d at 518 ("[W]e have refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien.").

Ramirez-Alvarado's entire claim is based on one incident in which she was menaced but not physically harmed. Neither the IJ nor the Board applied an incorrect legal standard in determining that what happened to her did not rise to the level of persecution. Moreover, although the Country Report states that violence against women, including domestic violence, is a widespread and serious problem in El Salvador, A.R. 140, there is no support in the report for Ramirez-Alvarado's assertion that once a woman is chosen by a member of La Mara Salvatrucha as his girlfriend "there is literally nothing she can do to break free from that targeting," see Petitioner's Brief, at 6.

Because Ramirez-Alvarado failed to establish past persecution, she does not benefit from a presumption of future persecution. See Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir. 2003). Substantial evidence supports the Board's determination

7

that she does not have a well-founded fear of persecution. She was not even contacted by Alex "El Candado" when she relocated to San Salvador, and her family has not been harmed by him even though they continue to live in the town where he resides. In light of these facts, her fear of returning to El Salvador cannot be said to be objectively reasonable. See Zubeda, 333 F.3d at 469-70.

Because Ramirez-Alvarado failed to show past persecution or a reasonable fear of future persecution under the lower burden of proof required for asylum, she is necessarily ineligible for withholding of removal. See Cardoza-Fonseca, 480 U.S. at 430-32. She has failed completely to challenge in her brief the Board's denial of her request for protection under the CAT. Accordingly, we deem the issue abandoned and waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (absent extraordinary circumstances, failure to develop arguments in opening briefs results in waiver of those arguments).

For the foregoing reasons, we will deny the petition for review.