**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAMIEN ANTONIO SAWYERS, aka
Damien Sawyers,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-70181

Agency No.
A044-852-478

OPINION

On Remand from the
United States Supreme Court

Filed June 29, 2012

Before: Susan P. Graber and Richard R. Clifton,*
Circuit Judges, and Cormac J. Carney,** District Judge.

Per Curiam Opinion

---

*Judge Richard R. Clifton was drawn to replace Judge Robert R. Beezer
pursuant to General Order 3.2(g). He has read the briefs and reviewed the
record.

**The Honorable Cormac J. Carney, United States District Judge for
the Central District of California, sitting by designation.

## COUNSEL

Hugo F. Larios, Hugo F. Larios Law, P.L.L.C., Tempe, Arizona, for the petitioner.

Kathryn M. McKinney, Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

---

**OPINION**

PER CURIAM:

**[1]** Petitioner Damien Antonio Sawyers petitions for review from the Board of Immigration Appeals' ("BIA") denial of cancellation of removal under 8 U.S.C. § 1229b(a). The BIA held that Petitioner could not demonstrate that he met the seven-year continuous residence requirement, *id.* § 1229b(a)(2). In our original decision, we followed *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), and *Mercado-Zazueta v. Holder*, 580 F.3d 1102 (9th Cir. 2009), to hold that the years of residence of Petitioner's mother were imputed to him. *Sawyers v. Holder*, 399 F. App'x 313 (9th Cir. 2010) (unpublished decision). We therefore granted the petition. *Id.* at 314. The Supreme Court granted certiorari, *Holder v. Sawyers*, 132 S. Ct. 71 (2011), and reversed our decision, *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012). Because *Cuevas-Gaspar* and *Mercado-Zazueta* are no longer valid precedent on the issue of imputation under 8 U.S.C. § 1229b, we now reject Petitioner's imputation argument concerning his mother's residence.

**[2]** In the alternative,[1] Petitioner challenges the BIA's determination that his 2002 conviction terminated his continuous residence. *See* 8 U.S.C. § 1229b(d)(1). Specifically, Petitioner argues that his conviction for "maintaining a dwelling for keeping controlled substances," in violation of 16 Delaware Code section 4755(a)(5) (2002), might have qualified as "a single offense involving possession for one's own use of 30 grams or less of marijuana," 8 U.S.C. § 1227(a)(2)(B)(i).

---

[1]Because we granted the petition in our original decision, we did not reach this alternative argument.

We disagree. The indictment alleged that Petitioner maintained a specific dwelling that was used for keeping controlled substances as described in one or more of the five other counts. Four of those counts involve cocaine, not marijuana. The fifth count alleges possession of marijuana *with intent to distribute*. Accordingly, it is not possible that Petitioner's conviction involved only "possession *for one's own use* of 30 grams or less of marijuana." *Id.* (emphasis added).

**Petition DENIED.**