**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTHA RIVERA DE ZAVALA, | No. 07-73106 |
| Petitioner, | Agency No. A075-649-725 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Petitioner Bertha Rivera de Zavala seeks review of the Board of Immigration

Appeals' ("BIA") affirmance of the immigration judge's ("IJ") entry of a final

order of removal. We deny the petition.

1. Substantial evidence supports the BIA's and IJ's adverse credibility

determination. See Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(holding that we review adverse credibility determinations for substantial evidence). Petitioner's testimony conflicted on key facts with the account of events recorded by Officer Gregor at the time of Petitioner's detention. Because at least one reason supports the adverse credibility determination, we must accept it. Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir. 2004). Moreover, Gregor's account contains Petitioner's admission that she could tell, while still in Mexico, that Moreno-Cruz carried a false passport and had no right to enter the United States. Substantial evidence therefore supports the IJ's finding that Petitioner knew all along that Moreno-Cruz lacked legal authorization to enter the United States.

2. The BIA correctly held that, under 8 U.S.C. § 1101(a)(13)(C)(iii) and 8 U.S.C. § 1182(a)(6)(E)(i), Petitioner's illegal activity of alien smuggling rendered her inadmissible. Petitioner's conduct qualified as alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i), because she committed the "affirmative act," Aguilar Gonzalez v. Mukasey, 534 F.3d 1204, 1209 (9th Cir. 2008), of traveling to Mexico with the intent to bring back a person that she knew lacked legal authorization to enter the United States. For purposes of 8 U.S.C. § 1101(a)(13)(C)(iii), Petitioner's conduct was "illegal" under 8 U.S.C. § 1324. Gonzaga-Ortega v. Holder, 694 F.3d 1069, 1073 (9th Cir. 2012).

2

3. The BIA correctly rejected Petitioner's claim of ineffective assistance of counsel, because she cannot show prejudice.

4. As Petitioner now concedes, the BIA correctly held that cancellation of removal is not available to her. In <u>Holder v. Martinez Gutierrez</u>, 132 S. Ct. 2011 (2012), the Supreme Court rejected the argument made by Petitioner. <u>Sawyers v. Holder</u>, 684 F.3d 911 (9th Cir. 2012) (per curiam).

5. The local change-of-venue rule does not violate due process because, contrary to Petitioner's assertion, it does not require a concession of removability.

**Petition DENIED.**