**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3313
_____

SHAUN ANDREW BECKFORD,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-498-943)
Immigration Judge:  Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2013

Before: SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 27, 2013)
_____

OPINION
_____

PER CURIAM

Shaun Andrew Beckford, proceeding pro se, has petitioned for review of the Board of Immigration Appeals' ("BIA" or "Board") dismissal of his appeal. For the following reasons, we will dismiss in part and deny in part his petition for review.

I.

Beckford, a citizen of Jamaica, entered the United States as a lawful permanent resident in 1994. Four years later, in 1998, he pleaded guilty to criminal sale of marijuana in the fourth degree, in violation of N.Y. Penal Law § 221.40. He pleaded guilty to the same offense in 1999 and again in 2000. In 2012, the Government filed a notice to appear, charging Beckford with being removable under 8 U.S.C. § 1227(a)(2)(B)(i) based upon his controlled substance convictions.

At a hearing before the Immigration Judge ("IJ"), Beckford conceded removability but sought cancellation of removal under 8 U.S.C. § 1229b(a). The Government moved to pretermit the application, arguing that Beckford had not accrued seven years of continuous residence because his conviction in 1998 had triggered the stop-time rule under 8 U.S.C. § 1229b(d)(1).[1] The IJ granted the Government's motion, denied Beckford's application for cancellation of removal, and ordered Beckford removed to Jamaica.

On appeal to the BIA, Beckford asked for a chance to remain in the United States

---

[1] The Attorney General may cancel the removal of an alien who, inter alia, "has resided in the United States continuously for [seven] years after having been admitted in any status[.]" 8 U.S.C. § 1229b(a)(2). Continuous residence ends, however, when the alien commits an offense that renders him removable under 8 U.S.C. § 1227(a)(2). 8 U.S.C.

2

to continue his education, start his own business, and contribute to society. The BIA dismissed his appeal, noting that it had no discretionary authority to grant relief based upon equitable or humanitarian grounds. This petition for review followed.

## II.

Because Beckford was convicted of crimes involving a controlled substance, we lack jurisdiction to review his final order of removal, see 8 U.S.C. § 1252(a)(2)(C), except to the extent he raises any constitutional or legal questions in his petition for review, see 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006). While Beckford does raise constitutional and legal questions in his petition, none of his claims are viable.

Much of Beckford's brief is devoted to arguing that the agency erred in finding him removable based upon an aggravated felony conviction. However, this argument is misplaced, as the IJ concluded that Beckford was removable only for having been convicted of a controlled substance offense. To the extent Beckford challenges this conclusion, his argument is meritless. We recently explained that an individual is removable for committing a controlled substance offense under § 1227(a)(2)(B)(i) if the Government shows that the individual "(1) is an alien (2) who at any time after entering the country violated or attempted to violate a law relating to a controlled substance and (3) that the controlled substance is defined as such by federal law." Rojas v. Att'y Gen., 728 F.3d 203, 209 (3d Cir. 2013) (en banc). As a citizen of Jamaica, Beckford is clearly

§ 1229b(d)(1).

3

an alien.  Furthermore, his offenses plainly relate to marijuana, a controlled substance under federal law.  See Gonzales v. Raich, 545 U.S. 1, 14 (2005); Rojas, 728 F.3d at 218. While there is an exception under § 1227(a)(2)(B)(i) for a single offense involving small quantities of marijuana for one's own use, Beckford was convicted not of possession, but of sale, which is not consistent with personal use.  See Sawyers v. Holder, 684 F.3d 911, 912 (9th Cir. 2012) (per curiam).  Accordingly, the agency properly found Beckford removable under § 1227(a)(2)(B)(i).

Beckford also asserts that his due process rights were violated because he received ineffective assistance of counsel during removal proceedings.  However, we lack jurisdiction to consider his claim because he failed to exhaust it before the BIA.  See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).  In any event, Beckford has failed to demonstrate that he fulfilled the procedural requirements for asserting such a claim set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

Beckford further alleges that the agency erred in denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") because he will be persecuted and tortured upon return to Jamaica because of his past dealings with Christopher Dudus Coke's[2] gang.  However, he never applied for asylum, withholding of removal, or CAT relief, and so we lack jurisdiction to consider his unexhausted claim. See 8 U.S.C. § 1252(d)(1); Castro, 671 F.3d at 365.  In any event, the administrative record is completely devoid of evidence to support such a claim.  See 8 U.S.C.

4

§§ 1101(a)(42)(A), 1158(b)(1) (to establish eligibility for asylum, petitioner must demonstrate either past persecution or well-founded fear of future persecution); Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006) (to establish eligibility for withholding of removal, petitioner must show "clear probability" that he would suffer persecution); 8 C.F.R. § 1208.16(c)(2) (for CAT relief, petitioner must demonstrate that it is more likely than not that he would be tortured).

Finally, Beckford suggests that the BIA erred in denying him discretionary relief based upon hardship to his family. However, we lack jurisdiction to consider discretionary decisions, including any "exceptional and extremely unusual" hardship determination. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010).

III.

For the foregoing reasons, we will dismiss the petition for review in part, to the extent we lack jurisdiction, and deny it in part.

---

[2] According to Beckford's brief, Christopher Dudus Coke is a "drug kingpin" in Jamaica.