FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| DANIEL SANCHEZ,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-72998<br><br>Agency No. A086-974-607<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul L. Friedman, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

Daniel Sanchez petitions for review of the Board of Immigration Appeals' (the "BIA") order affirming an immigration judge's decision denying Sanchez's application for cancellation of removal. Sanchez is a 29-year-old Mexican national who arrived in the United States as a young child. Although both of his parents became lawful permanent residents, Sanchez never became a lawful permanent resident himself. In 2008, the Department of Homeland Security placed Sanchez in removal proceedings. During those proceedings, the immigration judge denied Sanchez's application for cancellation of removal under 8 U.S.C. § 1229b(a), on the basis that Sanchez never obtained lawful permanent resident status. The BIA affirmed. On appeal, Sanchez argues that he may impute his parents' legal statuses to himself to meet the eligibility criteria set forth in 8 U.S.C. § 1229b(a), relying on Mercado-Zazueta v. Holder, 580 F.3d 1102 (9th Cir. 2009), and Cuevas-Gaspar v. Gonzales, 430 F.3d 1013 (9th Cir. 2005).

After Sanchez filed his petition, the Supreme Court decided Holder v. Martinez Gutierrez, 132 S. Ct. 2011 (2012), upholding the BIA's interpretation of § 1229b(a), which requires each applicant seeking cancellation of removal to meet the statutory requirements individually, without counting a parent's years of continuous residence or lawful permanent resident status. Because Mercado-Zazueta and Cuevas-Gaspar are no longer valid precedent on the issue of imputation under 8 U.S.C. § 1229b(a), see Sawyers v. Holder, 684 F.3d 911, 912

(9th Cir. 2012), we must reject Sanchez's argument that his parents' legal statuses can be imputed to himself.

As there is no dispute that Sanchez is not a lawful permanent resident himself, we uphold the BIA's order affirming the immigration judge's decision denying cancellation of removal under 8 U.S.C. § 1229b(a).

**PETITION DENIED.**